# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION
# CIVIL ACTION NO. 1:19-CV-00034-LLK

JAMIE LYNN OLIVER                                                                            PLAINTIFF

v.

ANDREW SAUL, Commissioner of Social Security                          DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying her claim for Social Security disability benefits. The fact and law summaries of Plaintiff and Defendant are at Dockets # 16 and 20. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. (Docket # 13.)

Because the Administrative Law Judge's (ALJ's) decision was supported by substantial evidence and Plaintiff's arguments are unpersuasive, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

## Background facts and procedural history

On March 3, 2015, the prior ALJ denied Plaintiff's disability claim. (Administrative Record (AR) at 86.) The claim was based on Plaintiff's physical impairments (kyphosis of the spine, facet arthropathy, and peripheral neuropathy), which were found to limit Plaintiff to sedentary work. (AR at 81.) Plaintiff's mental impairment (anxiety) was found to be non-severe, or not vocationally significant. (*Id.*)

Plaintiff then filed the present claim, alleging she became disabled on March 4, 2015, due to the same physical impairments plus anxiety and depression. (AR at 16.) Plaintiff does not challenge the ALJ's evaluation of her physical impairments, which was essentially the same as the prior evaluation. The ALJ found that Plaintiff's anxiety and depression are severe. (AR at 16.) Plaintiff argues that her severe anxiety and depression are more limiting than the ALJ found.

1

In September 2017, licensed clinical psychologist Kathy Seigler, Psy.D., examined Plaintiff at the request of the Commissioner and found, among other things, that Plaintiff has "marked" limitations in her abilities to "sustain attention and concentration towards the performance of simple, repetitive tasks" and to "tolerate stress and pressure of day-to-day employment" (AR at 641.) In her written decision, the ALJ accepted Dr. Seigler's findings.[1] (AR at 23 referencing AR at 641.)

**First argument**

Plaintiff makes three arguments. First, Plaintiff argues that the ALJ's finding that her anxiety and depression do not satisfy the clinical criteria of Listings 12.04 and/or 12.06 (AR at 18) is not supported by substantial evidence. (Docket # 16-1 at 17-18.) The parties focus on whether Dr. Seigler's findings required the ALJ to find that the so-called "paragraph B criteria" of the Listings were satisfied.[2]

The paragraph B criteria were satisfied if Plaintiff had an "extreme" or two "marked" limitations in the following areas:

1. Understand, remember, or apply information.

2. Interact with others.

3. Concentrate, persist, or maintain pace.

4. Adapt or manage oneself.

Listings 12.04 and 12.06, Paragraph B.

This opinion will assume for the sake of argument that Dr. Seigler's finding that Plaintiff has a "marked" limitation in ability to "sustain attention and concentration towards the performance of simple, repetitive tasks" (AR at 641) satisfied paragraph B(3).[3] Therefore, to show that her anxiety and depression

---

[1] While Plaintiff is correct that "[t]he ALJ did not specifically state what weight she accorded the opinions of consultative examiner Dr. Seigler" (Docket # 16-1 at 15), in context, it appears that the ALJ accepted Dr. Seigler's findings. In any event, this opinion will assume for the sake of argument that the ALJ accepted or was required to accept Dr. Seigler's findings of two "marked" limitations.
[2] This opinion will assume for the sake of argument that the other requirements of the Listings were satisfied.
[3] This opinion does not reach the issue of whether the ALJ's finding that Plaintiff has a "moderate" limitation in paragraph B(3) (AR at 18) is supported by substantial evidence.

2

satisfied the paragraph B criteria of the Listings, Plaintiff must show that she has a "marked" limitation in paragraphs B(1), B(2), and/or B(4).[4]

Dr. Seigler's finding that Plaintiff has a "marked" limitation in ability to "tolerate stress and pressure of day-to-day employment" (AR at 641) does not satisfy paragraph B(1) because one might be able to understand, remember, or apply information yet be unable to tolerate stress and pressure of day-to-day employment. Paragraph B(2) is not satisfied because one might be able to interact with others (when required) yet be unable to tolerate stress and pressure (on a day-to-day basis). Paragraph B(4) is not satisfied because one might be able to adapt or manage oneself (in one's life as a whole) yet be unable to tolerate stress and pressure of day-to-day employment.

The ALJ identified substantial reasons for declining to find a "marked" limitation in paragraphs B(1), B(2), and/or B(4):

> [Plaintiff] did report an ability to do laundry, take out the garbage, feed her pets, and clean her bathroom without assistance. She also reported that she watches television, reads, and spends time on the computer. While she does not like to be in large crowds of people and prefers to be alone, she does socialize with family, some friends, and her next-door neighbor. She is able to watch television and understand the content. She also enjoys reading and using the computer.

(AR at 18.) Therefore, the ALJ's finding that Plaintiff's anxiety and depression do not satisfy Listings 12.04 and/or 12.06 (AR at 18) is supported by substantial evidence.

## Second argument

Second, Plaintiff argues that the ALJ's finding that her anxiety and depression result in only the limitations stated in the ALJ's mental residual functional capacity (RFC) findings is not supported by substantial evidence. (Docket # 16-1 at 18-20.) The parties focus on whether Dr. Seigler's findings required the ALJ to find greater restrictions.

---

[4] This opinion does not reach the issue of whether substantial supported the ALJ's findings that Plaintiff has a "mild" limitation in paragraph B(1), a "moderate" limitation in paragraph B(2), and a "mild" limitation in paragraph B(4).

The argument is unpersuasive because Dr. Seigler's findings are consistent with the ALJ's mental RFC findings:

> [Plaintiff is] [a]ble to understand, remember, carry out short, simple, routine instructions; able to sustain attention/concentration for 2-hour periods at a time and for 8 hours in the workday on short, simple, routine tasks; can use judgment in making work-related decisions consistent with this type, that is short, simple, and routine, of work; and requires occupation with set routine and procedures, and few changes during workday like simple routine tasks; and no fast paced production work that is no assembly line work; with only occasional interaction with coworkers, supervisors, and no interaction with the general public.

(AR at 19.)[5]

**Third argument**

At Plaintiff's request, her therapist at Lifeskills, Inc., social worker Tiffany Heckel, MSW, completed a two-page mental assessment form. By oversight, Plaintiff submitted to the ALJ only the first page of the form -- the signature and date being on the second page. (AR at 461.) On page one, among other things, Ms. Heckel checked "no" when asked whether Plaintiff has "the capability to maintain concentration, persistence and pace to complete job functions for periods lasting more than two hours at a time" and circled "severe" when asked to what degree Plaintiff is limited in her "ability to deal with work stress." (AR at 461.) The ALJ gave page one "no weight" because "without information as to the source of this opinion, I cannot properly evaluate it under the requirements." (AR at 23 referencing AR at 461.) Plaintiff first submitted page 2 to the Appeals Council, after the ALJ's decision, and it is at page 35 of the administrative record. (AR at 35.) Page 2 reflects that Ms. Heckel signed the form on August 22, 2016. (*Id.*)

This opinion construes Plaintiff's third argument as being that she is entitled to a so-called "Sentence 6" remand to the ALJ for consideration of page 2.[6] (Docket # 16-1 at 20-21.) Sentence 6 of 42

---

[5] Because Dr. Seigler's findings are consistent with the ALJ's RFC findings, Plaintiff's sub-contention that the RFC did not accommodate her limited ability to tolerate stress, as required by Social Security Ruling (SSR) 85-15, 1985 WL 56857 (Docket # 16-1 at 19), is also unpersuasive.
[6] In a separate sub-heading, Plaintiff states that her argument as follows: "The Appeals Council erred by failing to remand this matter back to the ALJ upon receipt of the missing page of Ms. Heckel's opinion." (Docket # 16-1 at

U.S.C. § 405(g) authorizes the Court to remand cases to the Commissioner for consideration of evidence that was not before the ALJ "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." Section 405(g). Evidence is material if Plaintiff shows that there is a "reasonable probability that the [ALJ] would have reached a different disposition of the disability claim if presented with the new evidence." *Miller v. Comm'r*, 811 F.3d 825, 839 (6th Cir. 2016).

In this case, there is no reasonable probability of a different disposition if presented with page 2 because the ALJ gave Ms. Heckel's findings "no weight," in part, because "[t]here is no showing that this opinion was made by an acceptable medical source." (AR at 23.) In fact, as a social worker, Ms. Heckel is **not** an "acceptable medical source" but rather an "other source." *See* Social Security Ruling (SSR) 06-03p, 2006 WL 2329939, at *2 (Even a licensed clinical social worker is only an "other source.").[7]

Plaintiff argues that the ALJ was still required to consider the evidence from an "other source" (i.e., Ms. Heckel) and that the evidence in question (i.e., page 2) is material due to its similarity to the evidence from Dr. Seigler (which was before the ALJ). (Docket # 16-1 at 21.) According to Plaintiff, "[t]wo opinions containing the exact same limitations is significant, and could have led the ALJ to conclude that Plaintiff was disabled." *Id.* The argument is unpersuasive because the similarity of the new evidence from Ms. Heckel and the old evidence from Dr. Seigler proves that the new evidence is **not** material. *See Allen v. Comm'r*, 561 F.3d 636, 650 (6th Cir. 2009) (New evidence that was "cumulative of probative evidence already before the ALJ" is not material.); *Young v. Sec'y*, 925 F.2d 146, 149 (6th Cir. 1990) (Medical

---

20.) Strictly speaking, this Court lacks jurisdiction to consider **any** error on the part of the Appeals Council because only "final decision[s] of the Commissioner of Social Security made after a hearing" are subject to judicial review under 42 U.S.C. § 405(g). When the Appeals Council declines to review the ALJ's decision and render a new decision, the ALJ's decision becomes the Commissioner's final decision (subject to review). *Cotton v. Sec'y of Health & Human Servs.*, 2 F.3d 692 (6th Cir. 1993). While new and material evidence may be submitted to the Appeals Council for consideration, "we still review the ALJ's decision, not the denial of review by the [A]ppeals [C]ouncil." *Casey v. Sec'y*, 987 F.2d 1230, 1233 (6th Cir. 1993).

[7] The Commissioner rescinded SSR 06-03p for claims filed on or after March 27, 2017. 82 Fed. Reg. 15263. However, Plaintiff filed her claims before that date. (AR at 14.)

evidence that is "merely cumulative ... [is] not 'material' within the meaning of 42 U.S.C. § 405(g) [as it] contained nothing that would cause the ALJ to change his opinion."). Therefore, Plaintiff has not demonstrated materiality of the new evidence as required for a "Sentence 6" remand.

Alternatively, Plaintiff argues that, in not taking steps to obtain page 2 on her own initiative (rather than simply giving the unsigned, undated opinion "no weight"), the ALJ "violated her duty to fully and fairly develop the record." (Docket # 16-1 at 21-22.) The argument is unpersuasive because this opinion has already concluded that page 2 was not material to the ALJ's decision. "No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that remand might lead to a different result." *Kornecky v. Comm'r*, 167 F. App'x 496, 507 (6th Cir. 2006).

### Order

Because the ALJ's decision was supported by substantial evidence and Plaintiff's arguments are unpersuasive, the Commissioner's final decision is hereby AFFIRMED, and Plaintiff's complaint is DISMISSED.

**Lanny King, Magistrate Judge**
**United States District Court**

November 25, 2019